```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF MAINE


 UNITED STATES OF AMERICA,       )
                                 )
      Plaintiff,                 )
                                 )
 v.                              )      No. 1:24-cr-00026-LEW
                                 )
 DABIN JEON,                     )
                                 )
      Defendant.                 )
```

**DEFENDANT'S MOTION TO AMEND CONDITIONS OF RELEASE**

NOW COMES Defendant, Dabin Jeon, by and through counsel, David W. Bate, and moves to amend bail to remove the travel restrictions (limited to New York City, Long Island, and "District of Maine for Court purposes") and location monitoring. See Order Setting Conditions of Release and Appearance Bond (Doc. 7-2), Conditions 7(d), 7(i).

Pursuant to 18 U.S.C. § 3145(a)(2),[1] Mr. Jeon is entitled to review of the conditions of release set by Hon. Magistrate Judge John Nivison on April 26, 2024. As reflected in the docket entry, Magistrate Judge Nivison ordered, "Defendant will remain released on the conditions previously imposed." (Doc. 15). Those prior conditions were set on April 17, 2024 by Magistrate Judge Sanket Bulsara, of the Eastern District of New York. (Doc. 7-2).

Having now had time to review discovery and talk to Mr. Jeon, it appears that the travel restriction and location monitoring condition are excessive. Mr. Jeon lives in New York State. The alleged victim

---

1 "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court … the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release."

and her family live in Maine.  Mr. Jeon has had no contact with them since approximately January, 2023 -- 16 months ago -- when he was served with a protection order from the alleged victim in this case.  He has never been to Maine and has no plans to travel to Maine (other than for court).

Most importantly, Mr. Jeon has respected the no contact provisions in the protection orders in place against him.  If there was a risk that he would violate the law by traveling to Maine to have contact with the alleged victim, that surely would have happened over the last 16 months.

Mr. Jeon has no criminal record.  He does not object to the Court imposing a condition that he not enter Maine except for court purposes.  He does not object to the Court retaining his passport for the duration of this case.  He simply would like the option to travel outside New York City and Long Island.

For the same reasons, the location monitoring and the ankle bracelet conditions are excessive.

AUSA Raphaelle Silver, Esq. objects to this Motion.

Dated in Bangor, Maine this 22nd day of May, 2024.

>/s/David W. Bate
>Attorney for Defendant
>Fed. Bar No. 2096
>15 Columbia Street, Suite 301
>Bangor, Maine 04401
>(207) 945-3233
>davidbatelaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, I electronically filed this pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    AUSA Raphaelle Silver, Esq.

                                /s/David W. Bate
                                Attorney for Defendant
                                Fed. Bar No. 2096
                                15 Columbia Street, Suite 301
                                Bangor, Maine 04401
                                (207) 945-3233
                                davidbatelaw@gmail.com